UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CHRISTOPHER WISENER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 2:15-cv-00729-JHE |
| | ) |
| SPRINT/UNITED MANAGEMENT COMPANY, INC., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

This is a case filed under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, in which Plaintiff Christopher Wisener seeks payment from his employer, Sprint/United Management Company, Inc., for unpaid overtime wages, liquidated damages, attorney's fees and costs. (Doc. 1). It is now before the Court on the parties' "Joint Motion for Approval of Settlement Agreement and Dismissal of Claims with Prejudice." (Doc. 16). The parties have consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c). (Doc. 11). For the following reasons, the court **APPROVES** the parties' settlement and **GRANTS** the motion to dismiss the claims with prejudice.

**I. FACTS**

Plaintiff, who was employed by Defendant as a Retail Sales Consultant, alleges Defendant willfully and intentionally violated the FLSA by regularly requiring Plaintiff to work over forty hours per week without overtime pay. (Doc. 1 at 3-4). Plaintiff alleges Defendant regularly required him to perform unpaid work during his lunch break; to canvass for new sales during his off days, at church, and other times he was off the clock; and to continue to perform duties off the clock at the

end of the day for an additional thirty minutes to two hours. (*Id.*). Plaintiff further alleges he was required to perform duties for a couple of hours without pay while on leave under the Family and Medical Leave Act. (*Id.* at 4).

Defendant denies Plaintiff worked the additional hours claimed or that he is entitled to any overtime compensation, and it contends he has been properly paid under the FLSA. (Doc. 7 at 2-3; doc. 16 at ¶ 2). For purposes of this settlement, Defendant has offered Plaintiff what can reasonably be determined as the full amount of his unpaid overtime wages, plus full liquidated damages. (Doc. 16 at ¶ 5). The "Confidential Settlement Agreement and General Release," filed under seal, sets out the amount Plaintiff will receive for reimbursement of wages and liquidated damages in an equal amount. (Doc. 17, sealed). Although the parties do not explicitly state the costs and attorney's fees were separately negotiated, it is clear they were, based on counsel's representations that the settlement consists of "what can reasonably be determined as full relief for his claim of unpaid overtime under the FLSA, as well as an appropriate attorney's fee for the work performed in this matter." (Doc. 16 at ¶ 5).

## II. Analysis

Subject to specific exceptions, the FLSA provides that employees are entitled to receive overtime pay at one and one-half times their regular rate for all hours worked in excess of forty per week. *See* 29 U.S.C. § 207(a)(1). An employer who violates the FLSA is liable to its employee for both unpaid overtime compensation and for an equal amount in liquidated damages. 29 U.S.C. § 216(b). In an action to recover unpaid overtime compensation, a court is further required to award a prevailing plaintiff a reasonable attorney's fee and costs of the action. *Silva v. Miller*, 307 Fed. App'x. 349, 351 (11th Cir. 2009).

Judicial review and approval of an FLSA settlement is necessary to give it final and binding effect. *Lynn's Food Stores, Inc. v. U.S. Dept. of Labor*, 679 F.2d 1350 (11th Cir. 1982). Before approving a FLSA settlement, a court must scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Id.* at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "to promote the policy of encouraging settlement of litigation." *Id.* at 1354. In determining whether the settlement is fair and reasonable, the court should consider the following factors:

1. the existence of fraud or collusions behind the settlement;
2. the complexity, expense, and likely duration of litigation;
3. the stage of the proceeding and the amount of discovery completed;
4. the probability of success on the merits;
5. the range of possible recovery; and
6. the opinions of counsel.

*See Leverso v. South Trust Bank of Ala. Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). In reviewing the terms of a proposed settlement, there is a strong presumption in favor of finding it is fair. *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[1]

Here, there is no indication of fraud or collusion. All parties were represented by counsel, who represent the payment is "what can reasonably be determined as full relief for his claim of unpaid overtime under the FLSA," (doc. 16 at ¶ 5). Despite their disagreement over the facts, the parties are in agreement that continued litigation would not produce more economically beneficial

---

[1] The decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down prior to the close of business that day, are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981).

results than this settlement. (*Id.* at ¶¶ 3 & 5). The confidential payments to Plaintiff to settle his claim for unpaid overtime compensation and liquidated damages are fair, reasonable, and adequate.

The expense and duration of continued litigation also militate in favor of this settlement. The parties disagree over the merits of Plaintiff's claim and the amount of overtime compensation owed to him. Even in settlement, Defendant does not admit its liability on Plaintiff's claim, (*id.* at ¶ 2; doc. 17, sealed), and both parties acknowledge the settlement is to avoid the expense of contested legal proceedings, (doc. 16 at ¶ 3). Accordingly, this settlement is a reasonable means for all parties to minimize future risks and litigation costs.

The range of possible recovery also shows settlement is reasonable and adequate, especially in light of counsel's representation the amount reasonably approximates the total value of Plaintiff's claim. In light of the costs of further litigation and the uncertainty and timing of any recovery, the proposed settlement is a fair and reasonable resolution of a bona fide dispute.

Additionally, the undersigned has reviewed the proposed, separately negotiated payment of attorneys' fees and costs and agrees it should be approved because it is reasonable. *See Silva*, 307 F. App'x at 351 ("FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement."). The agreement regarding payment of Plaintiff's counsel's fees and costs was reached without regard to the amount paid to Plaintiff. Plaintiff's attorneys are compensated adequately for the time and expense of drafting, filing, and reviewing pleadings and conducting settlement negotiations, and Plaintiff's claims were not compromised by any deduction of attorney's fees, costs, or expenses.

### III. Conclusion

The "Confidential Settlement Agreement and General Release" is fair and reasonable under the circumstances. Accordingly, the settlement is due to be **APPROVED** and this matter **DISMISSED WITH PREJUDICE**. A separate order will be entered.

DONE this 11th day of December 2015.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE